# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 17-CR-1027 |
| vs. | **ORDER** |
| MONTEL THEOPOLIS JONES, | |
| Defendant. | |

## I. INTRODUCTION

Before the Court is defendant's Motion for Modification of Supervised Release, filed pro se on August 20, 2019. (Doc. 17). Pursuant to 18 U.S.C. § 3583(e), defendant asserts the Court must terminate defendant's remaining term of supervised release because defendant was sentenced to eight years of supervised release without legal authority. (*Id.*, at 1). Alternatively, defendant requests the Court to terminate defendant's remaining term of supervised release as a matter of discretion in the interests of justice. (*Id.*). For the following reasons, the Court **denies** defendant's Motion for Modification of Supervised Release.

## II. RELEVANT BACKGROUND

On May 25, 2006, a grand jury charged defendant by indictment with two counts of distributing a controlled substance near a school in violation of United States Code, Sections 841(a)(1), 841(b)(1)(B), and 860(a). (*Jones*, 6-CR-1021-LRR, Doc. 2). On September 22, 2006, defendant pled guilty to count 1 of the indictment and the Court accepted defendant's plea. (*Jones*, 6-Cr-1021-LRR, Doc. 39). Defendant had no prior convictions which scored any criminal history points. (*Jones*, 6-CR-1021-LRR, Doc.

40, at 8). On March 22, 2007, defendant was sentenced to 210 months imprisonment followed by eight years on supervised release for distributing 10.56 grams of cocaine base within 1,000 feet of a school. (*Jones*, 6-CR-1021-LRR, Doc. 51). Defendant's term of imprisonment was reduced twice before his release on July 10, 2015. (*Jones*, 6-CR-1021-LRR, Docs. 71 & 80); (Doc. 17, at 2).

On March 18, 2016, jurisdiction over defendant's supervised release was transferred to the District of Nevada, before being transferred back to the Northern District of Iowa under a new case number on December 6, 2017. (*Jones*, 6-CR-1021-LRR, Doc. 81); (Doc. 1). On January 25, 2018, after four violations by defendant, the Court modified the conditions of defendant's supervised release. (Doc. 16). On August 20, 2019, defendant filed the motion now before the Court to terminate the remainder of his term of supervised release. (Doc. 17).

### III. DISCUSSION

Terms for supervised release are generally calculated under 18 U.S.C. § 3583(b), which states:

> <u>Except as otherwise provided</u>, the authorized terms of supervised release are – (1) for a Class A or Class B felony, not more than five years; (2) for a Class C or Class D felony, not more than three years; and (3) for a Class E felony, or for a misdemeanor . . ., not more than one year.

18 U.S.C. § 3583(b)(emphasis added). Defendant, however, was sentenced under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 860(a). (*Jones*, 6-Cr-1021-LRR, Doc. 51). Section 841(a) is violated when an individual knowingly or intentionally distributes a controlled substance. Section 841(b)(1)(B) provides the penalty for violation of Section 841(a) relevant to the type and quantity of drugs defendant distributed, stating: "Notwithstanding section 3583 of Title 18, any sentence imposed under this subparagraph shall, in the absence of such a prior conviction, include a term of supervised release of *at least 4 years* in addition to such term of imprisonment[.]" (emphasis added). Section

2

860(a) further states that any person who violates Section 841(a)(1) by distributing a controlled substance within 1,000 feet of a school is subject to "at least twice any term of supervised release authorized by section 841(b) of this title for a first offense." That would impose a mandatory minimum period of supervised release of eight years. There is no maximum term of supervised release under Title 21, United States Code, Section 841(b)(1)(B). Thus, for a defendant convicted under this section, a court may place that defendant on supervised release for life. *See, e.g.*, *United States v. Handley*, 678 F.3d 1185, 1189 (10th Cir. 2012) (holding that § 841(b)'s specific supervised release terms, expressed as minimums, implies no maximum limit, and that language trumps § 3583(b)'s general maximum terms); *United States v. Jackson*, 559 F.3d 368, 370 (5th Cir.2009) (same); *United States v. Lopez*, 299 F.3d 84, 90 (1st Cir. 2002) (same); *United States v. Garcia*, 112 F.3d 395, 398 (9th Cir.1997) (same), *United States v. Mora*, 22 F.3d 409, 412 (2d Cir. 1994) (same).

Defendant incorrectly applies the maximum limit on terms of supervised release set in Section 3583(b). (Doc. 17, at 8-9). Sections 841(a)(1), 841(b)(1)(B), and 860(a) apply to the term of defendant's supervised release notwithstanding Section 3583(b) and contain explicit provisions for first-time offenders. As a result, defendant was subject to a term of supervised release of at least eight years (the minimum of four years listed in Section 841(b)(1)(B) doubled by Section 860(a) due to defendant's distribution of cocaine occurring within 1,000 feet of a school). *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 860(a). Defendant, thus, was sentenced to a proper term of supervised release and no reduction or termination of that period is required.

The Court also declines to exercise its broad discretion to modify the terms of defendant's supervised release. *United States v. Schostag*, 895 F.3d 1025, 1028 (8th Cir. 2018) ("Generally, district courts enjoy broad discretion in the imposition or modification of conditions for terms of supervised release[.]") (citations and quotations

omitted). Given both defendant's past violations resulting in modification of his supervised release (Doc. 16) as well as defendant's more recent violations alleged by the United States Probation office, supervised release remains appropriate.

## IV.   CONCLUSION

For the reasons stated, defendant's Motion for Modification of Supervised Release (Doc. 17) is **denied**. Defendant shall remain on supervised release under the current terms (*Jones*, 6-CR-1021-LRR, Doc. 51) (Doc. 16) without termination or further modification.

**IT IS SO ORDERED** this 4th day of September, 2019.

_____
C.J. Williams
United States District Judge
Northern District of Iowa